29 So.2d 843

**LOVELL et al. v. FITZPATRICK et al.**

No. 36599.

March 17, 1947.

David Gertler, of New Orleans, for plaintiffs-appellants.

Blum & LeBlanc, of Donaldsonville, amici curiae on applicability of Act No. 62 of 1912.

Ellender & Wright, of Houma, and Jos. V. Ferguson, II, Nicholas Callan and Walter J. Suthon, Jr., all of New Orleans, for defendants-appellees.

O'NIELL, Chief Justice.

This is a petitory action involving lands in Terrebonne Parish. The case was here in 1943 (202 La. 545, 546, 12 So.2d 267), at which time it was remanded to the district court to receive in evidence a newly discovered document which was decisive of. the case.

The plaintiffs' title was dependent upon the lack of an instrument of conveyance from the State of Louisiana to the Atchafalaya Basin Levee District.

■ The missing document was discovered after the case was tried in the district court. It is an original instrument of conveyance of certain lands, including the lands in contest here, by the State of Louisiana, through the agency of the State Auditor at that time, W. W. Heard, to the Atchafalaya Basin Levee District. The document was recorded immediately after it was discovered and was filed in evidence by the defendants after this case was remanded. The signatures thereon were proven genuine. In fact the plaintiffs have not objected to the authenticity of the instrument, which establishes the validity of the defendants' title. We conclude, therefore, that the defendants are the owners of the land in litigation.

■ Before the trial of the case in the district court, one of the three plaintiffs, Miss Rosalie Duncan Lovell, died, intestate, leaving as her sole heirs the two other plaintiffs, William S. Lovell and Douglas Gordon Lovell. After the trial William S. Lovell died, leaving a will in which he bequeathed his interest in this suit to his widow, Caroline C. Lovell, and to his nephew, Douglas Gordon Lovell, who was one of the original plaintiffs. Both of the original defendants, Andrew Fitzpatrick and William Vizard, have died, leaving as their heirs, respectively, Mrs. Frances Blasdel Reardon and Mrs. Mary Vizard Kelly. By proper procedure, the heirs of the original defendants were made parties to the suit. But, since neither Caroline C. Lovell nor Douglas Gordon Lovell, the legatees of the deceased plaintiff, William S. Lovell, appeared voluntarily to become parties plaintiff, they were summoned as nonresident legatees to appear in the case, in accordance with Rule XIV, Section 3 of the rules of this court. They failed to answer the summons within the specified time, and the defendants proceeded with the appeal to its conclusion.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the plaintiffs, appellants, and is to have effect in favor of the heirs and legal representatives of the original defendants, who have died since the judgment was rendered, and against the heirs and legal representatives of William S. Lovell, deceased, as well as against the original plaintiff, Douglas Gordon Lovell.